IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40269
Summary Calendar
_____

JAMES BRYAN ORTEZ,

                                    Plaintiff-Appellant,

versus

MICHAEL COMPTON; DAVE PROVENCE, Cooke County
Sheriff's Department Chief Deputy; COOKE COUNTY
COMMISSIONERS; COUNTY OF COOKE,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4;98-CV-208
--------------------
December 19, 2001
Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Bryan Ortez ("Ortez") appeals the summary-judgment
dismissal of his pro se, in forma pauperis, 42 U.S.C. § 1983
complaint, in which Ortez contended that the defendants violated
his rights while he was incarcerated in the Cooke County, Texas,
jail.  The district court determined that Ortez had failed to
exhaust his administrative remedies prior to filing suit, as
required by 42 U.S.C. § 1997e(a), and that even if Ortez had
exhausted his administrative remedies he was not entitled to

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

relief on the merits of his claims. The district court accordingly dismissed the complaint with prejudice. Ortez contends that the district court erred in determining that he had not exhausted his administrative remedies, and erred in rejecting his claims on the merits.

The district court did not err in determining that Ortez failed to produce competent summary judgment evidence that he had exhausted his administrative remedies. Although Ortez offered the affidavits of other inmates and his own affidavit conclusionally asserting that he had filed numerous grievances, he offered no evidence that he filed grievances on the specific claims in the complaint or that he pursued disputed grievances through the jail's grievance process. Thus, Ortez failed to meet his summary-judgment burden on the issue of exhaustion. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc) (nonmovant cannot satisfy summary-judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence). Because Ortez did not meet this burden, dismissal for failure to exhaust is appropriate. See Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998). Because the district court's judgment may be affirmed on this basis, it is unnecessary to address Ortez's arguments concerning the merits of his claims.

AFFIRMED.